NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000202**
**27-JUL-2012**
**08:53 AM**

NO. CAAP-10-0000202

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PHILIP A. VALENTINE, Plaintiff-Appellant,
v.
SOCORRO WONG, INDIVIDUALLY AND AS TRUSTEE OF THE
SOCORRO WONG TRUST DATED MAY 6, 2004, AS AMENDED;
WILBUR C.N. WONG, INDIVIDUALLY AND AS TRUSTEE OF THE
WILBUR C.N. WONG TRUST DATED OCTOBER 10, 1991, AS AMENDED;
STEPHEN MITSUO TAMASHIRO; PENELOPE ANN TAMASHIRO;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND
DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0260(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Philip Valentine (Valentine) appeals from the Circuit Court of the Second Circuit's (Circuit Court)[1] November 8, 2010 Judgment, which was entered based on an order granting summary judgment and awarding sanctions in favor of Defendants-Appellees Socorro Wong, Wilbur C.N. Wong, Stephen Mitsuo Tamashiro, and Penelope Ann Tamashiro (collectively "Appellees") and against Valentine. This appeal also encompasses the post-judgment Order Denying Valentine's Motion to Set Aside Judgment, filed on January 12, 2011. In this case, Valentine

---

[1] The Honorable Joel E. August presided.

asserts an adverse possession claim against Appellees for portions of the Appellees' land, referred to as Parcel 76 and Parcel 77.

In his opening brief, Valentine raises two points of error,[2] each with multiple sub-points. First, Valentine contends that the Circuit Court made fifteen erroneous Findings of Fact ("FOF") related to the sanction imposed against Valentine and the summary judgment ruling. Second, Valentine contends that the Circuit Court erred with regard to seven Conclusions of Law ("COL") related to the sanction and summary judgment rulings.

However, the argument section in Valentine's opening brief does not address his points of error.[3] Rather, he argues that "[e]ssentially default was entered" against him and that he is entitled to set aside the judgment. Although Valentine's opening brief does not comport with HRAP Rule 28,[4] in our discretion we address the three discernible issues raised by Valentine in this appeal, that the Circuit Court erred: (1) by granting summary judgment in favor of the Appellees; (2) by granting sanctions to the Appellees; and (3) by denying Valentine's Motion to Set Aside Judgment.

Upon careful review of the record, the briefs submitted, and the issues raised by the parties, we resolve Valentine's appeal as follows:

(1) The Circuit Court did not err in granting summary judgment in favor of the Appellees.

---

[2] Valentine's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b)(4) in that his Points of Error fail to address the requirement to set forth "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]"

[3] Specific points of error that are not argued may be deemed waived. HRAP Rule 28(b)(7).

[4] Valentine's counsel is cautioned to comply with HRAP Rule 28 in the future.

"An appellate court reviews an award of summary judgment *de novo* under the same standard applied by the circuit court." Thomas v. Kidani, 126 Hawai'i 125, 127-28, 267 P.3d 1230, 1232-33 (2011).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
>
> [The court reviews] the evidence in the light most favorable to the party opposing the motion for summary judgment.

Id. at 128, 267 P.3d at 1233 (internal citations omitted); see also Hawai'i Rules of Civil Procedure ("HRCP") Rule 56(c). HRCP Rule 56(e) requires such a motion to be supported or opposed by affidavits made on personal knowledge and

> shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

HRCP Rule 56(e) (emphasis added). Thus, once the Appellees-movants met their initial burden of proof, Valentine, as non-movant, was obliged to demonstrate the existence of genuine issues of material facts. "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Thomas, 126 Hawai'i at 129, 267 P.3d at 1234.

Based on our review of the record, including certificates of service and Valentine's own declaration,[5] Valentine was properly served with the Notice of Hearing on Motion to Withdraw as Counsel for Plaintiff, the Order Granting

---

[5] Valentine admits to receiving litigation-related correspondence, but chose not to read it.

Motion to Withdraw as Counsel, Appellees' Notice of Hearing for Motion for Summary Judgment, and the Judgment.

The Appellees submitted affidavits, declarations, deeds, and maps in support of their motion for summary judgment to affirmatively demonstrate that Valentine did not adversely possess the claimed portions of Parcels 76 and 77. Valentine did not file an opposition memorandum, submit any evidence in opposition to the motion, or appear at the October 19, 2010 hearing on the motion, wherein the Circuit Court orally granted summary judgment for the Appellees.

On October 28, 2010, after the Circuit Court orally granted summary judgment, Valentine submitted an ex parte letter to the Circuit Court, explaining among other things that his absence and refusal to participate in on-going litigation proceedings stemmed from his distrust of both his former counsel and Appellees' counsel.[6]

On November 8, 2010, the Circuit Court entered its order granting summary judgment and sanctions in favor of Appellees, and final judgment in favor of the Appellees. In its November 8, 2010 order, the Circuit Court determined that: (1) summary judgment was warranted in favor of Appellees and (2) Appellees were entitled to sanctions in the amount of $1,500 for attorney's fees and costs, for Valentine's failure to appear at his scheduled deposition.

On November 16, 2010, Valentine filed a Motion to Set Aside Judgment and attached his declaration, in which he explained that he had terminated his prior counsel and he disputed the findings of fact in the Circuit Court's summary judgment and sanction order. The Circuit Court denied this motion on January 12, 2011.

---

[6] In this letter, Valentine acknowledged that trial was scheduled for December 2010, but requested a continuance because he had to find a new attorney.

With regard to the summary judgment ruling, we conclude that Appellees met their initial burden of proof and that Valentine did not demonstrate, in turn, genuine issues of material fact with regard to his adverse possession claim, and therefore Appellees were entitled to judgment as a matter of law. The law of adverse possession is well-settled in Hawai'i and requires that the party claiming title carries the burden to prove, "by clear and positive proof, . . . each element of actual, open, notorious, hostile, continuous and exclusive possession for the statutory period." Lai v. Kukahiko, 58 Haw. 362, 368-69, 569 P.2d 352, 357 (1977); Morinoue v. Roy, 86 Hawai'i 76, 81, 947 P.2d 944, 949 (1997). Moreover, the party claiming title "shall show that such person acted in good faith." Hawaii Revised Statutes ("HRS") § 669-1(b) (1993 Repl.). Valentine did not submit anything in response to the summary judgment motion and instead his subsequent declaration was filed post-judgment as part of his motion to set the judgment aside.[7] We thus conclude that the Circuit Court correctly granted summary judgment to the Appellees.

(2) The Circuit Court did not err in granting sanctions to the Appellees for Valentine's failure to appear at his deposition.

In addition to granting summary judgment, the Circuit Court ordered sanctions in favor of the Appellees in the amount of $1,500 for attorney's fees and costs due to Valentine's failure to appear at his deposition. Trial in this case was scheduled to commence on December 6, 2010. After Valentine

---

[7] As noted by the Circuit Court, even if Valentine's motion to set aside the judgment were considered a motion for reconsideration under HRCP Rule 59, there is no basis to conclude that Valentine was precluded from submitting his declaration in a timely fashion to address the summary judgment motion. A motion for reconsideration is meant to allow the movant to present new evidence or new arguments that could not have been made in the earlier proceeding. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002); Pancakes of Hawaii, Inc. v. Pomare Props. Corp., 85 Hawai'i 286, 296-97, 944 P.2d 83, 93-94 (App. 1997).

missed his deposition scheduled for August 3, 2010, Appellees filed a motion to compel Valentine's attendance at his deposition under HRCP Rule 37. The Circuit Court filed its order granting the motion on September 14, 2010 and Appellees thereafter again noticed Valentine's deposition, this time scheduled for September 22, 2010. Valentine again failed to appear at the second scheduled deposition. As a result, the Circuit Court granted the Appellees' motion for sanctions.

We review these sanctions for abuse of discretion. In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006). A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party. Id.

Based on our review of the record, it appears that Valentine was properly served with Appellees' Notice of Taking Deposition for August 3, 2010,[8] Notice of Motion to Compel Plaintiff to Attend Deposition,[9] second Notice of Taking Deposition for September 22, 2010,[10] the order compelling his attendance at the September 22, 2010 deposition,[11] the Notice of Hearing for Motion for Sanctions,[12] and the Judgment.[13] Valentine acknowledges receiving correspondence from his counsel as well as Appellees' counsel, but chose not to open the mail.

---

[8] Served on July 23, 2010 by mail to Valentine's then counsel, Poelman.

[9] Served on August 4, 2010 by mail to Poelman.

[10] Served on September 3, 2010 by mail to Valentine.

[11] Pursuant to the Declaration of Thomas R. Cole, filed September 30, 2010, another copy of the notice of deposition for the September 22, 2010 deposition, along with the Circuit Court's order of September 14, 2010, compelling Valentine's attendance at the deposition, was served by regular and certified mail to Valentine on September 15, 2010.

[12] Served on September 30, 2010 by mail to Valentine.

[13] Served on November 12, 2010 by mail to Valentine.

A party's failure to obey a court order to provide discovery is expressly subject to sanctions enumerated in HRCP Rule 37(b). <u>Aloha Unlimited, Inc. v. Coughlin</u>, 79 Hawai'i 527, 534, 904 P.2d 541, 548 (App. 1995). The available sanctions under this rule include requiring the disobedient party "<u>to pay the reasonable expenses, including attorney's fees, caused by the failure[.]</u>" HRCP Rule 37(b)(2) (emphasis added). Valentine argues that he did not refuse to participate in discovery and did not know his deposition was scheduled. However, the record establishes that the Appellees undertook multiple steps in an effort to serve and provide notice to Valentine about the scheduled depositions and the Circuit Court's order compelling his attendance at the September 22 2010 deposition. Valentine freely admits that he received but refused to open any litigation-related correspondence for a period of time. This conscious decision resulted in Valentine's failure to appear at his scheduled deposition, in violation of the order granting Appellees' motion to compel Valentine's deposition.

Based on this record, the Circuit Court did not abuse its discretion in awarding sanctions to the Appellees.

(3) The Circuit Court's grant of summary judgment did not amount to an improper default judgment and the Circuit Court correctly denied Valentine's Motion to Set Aside Judgment.

Valentine brought his motion to set aside pursuant to both HRCP Rules 55(c) and 60.[14] Under Rule 55(c), "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." HRCP Rule 55(c). Under HRCP Rule 60(b)(1), "the court may relieve a party . . . from a final

---

[14] Valentine did not specify as to which subsection of HRCP Rule 60 he brought his motion. However, based upon the arguments asserted, it appears that Valentine brought his motion under HRCP 60(b)(1).

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"

Valentine improperly construes the summary judgment order as akin to a default being entered against him. A default is entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" HRCP Rule 55(a) (emphasis added). In this case, to the contrary, Valentine is the plaintiff who brought the lawsuit and who seeks affirmative relief. The Circuit Court did not issue a default against Valentine, but rather, judgment against Valentine was obtained by summary judgment on the merits. Therefore, there was no basis to set aside the judgment under HRCP Rule 55(c).

To the extent Valentine's motion to set aside the judgment was based on HRCP Rule 60(b), we review for abuse of discretion. Moyle v. Y & Y Hyup Shin, Corp., 118 Hawai'i 385, 402-03, 191 P.3d 1062, 1079-80 (2008). The Circuit Court did not abuse its discretion in this regard. In Pogia v. Ramos, 10 Haw. App. 411, 876 P.2d 1342 (1994), this court considered whether a defendant was entitled to relief from a judgment based on her claim that she did not understand what certain court papers meant. This court concluded that "[i]gnorance of court rules does not constitute excusable neglect" and that "the weight of authority has not recognized ignorance of the law . . . to be excusable neglect justifying the invocation of relief under HRCP Rule 60(b)(1)." Id. at 416, 876 P.2d at 1345; see also Citicorp Mort., Inc. v. Bartolome, 94 Hawai'i, 422, 439, 16 P.3d 827, 844 (App. 2000). Moreover, in addressing the defendant's asserted misunderstanding as to what was required of her after being served court papers, the Pogia court noted that "'lack of legal sophistication . . . cannot form the basis of a claim of excusable neglect . . . for purposes of Rule 60(b)' where the defendant, after receiving notice, failed to appear or answer." 10 Haw. App. at 417, 876 P.2d at 1345 (citation omitted).

In this case, Valentine is in a similar position and, moreover, he admits that he received and consciously disregarded litigation-related correspondence and assumed that the case would be continued until he found new counsel. The Circuit Court noted that Valentine "acknowledged receipt of up to eight or nine documents in the mail relating to the ongoing litigation, which he himself started, and admits that he did not open them or read them or attempt to open them and have somebody else explain them."

Because Valentine fails to demonstrate excusable neglect under HRCP Rule 60(b)(1), the Circuit Court correctly denied Valentine's Motion to Set Aside Judgment.

Therefore,

IT IS HEREBY ORDERED THAT the Circuit Court's November 8, 2010 Judgment and January 12, 2011 order denying Valentine's motion to set aside judgment are affirmed.

DATED: Honolulu, Hawai'i, July 27, 2012.


On the briefs:

Gerald Johnson
for Plaintiff-Appellant

Thomas R. Cole
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge

9